559 F.2d 481
 1977-2 Trade Cases 61,634, 1977-2 Trade Cases 61,669
 In re SUGAR ANTITRUST LITIGATION. (M.D.L. No. 201)
AMERICAN CRYSTAL SUGAR COMPANY, a dissolved New Jersey
Corporation, American Crystal Sugar Company, a Minnesota
Agricultural Cooperative, Amstar Corporation, California
Beet Growers Association, the Amalgamated Sugar Company, the
Great Western Sugar Company, and U and I Incorporated, Petitioners,
v.
UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF
CALIFORNIA, Respondent,
Anthony J. Pizza Food Products Corporation et al., Real
Parties in Interest.
 No. 76-2919.
 United States Court of Appeals,
Ninth Circuit.
 June 7, 1977.
Rehearing Denied Aug. 23, 1977.
 
 Francis R. Kirkham, James F. Kirkham, James B. Young, Pillsbury, Madison & Sutro, Robert D. Raven, Morrison & Foerster, San Francisco, Cal., for petitioners.
 James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for respondent.
 Josef D. Cooper, Cooper & Scarpulla, San Francisco, Cal., Wm. H. Ferguson, Ferguson & Burdell, Seattle, Wash., Perry Goldberg, Specks & Goldberg, Chicago, Ill., Harold E. Kohn, Kohn, Savett, Marion & Graf, P. C., Philadelphia, Pa., Guido Saveri, San Francisco, Cal., for real parties in interest.
 Petition for Writ of Mandamus.
 ORDER
 Before HUFSTEDLER and GOODWIN, Circuit Judges.
 
 
 1
 Petitioners seek a writ of mandamus to overturn the respondent-district court's certification of fifteen classes and three subclasses in a treble damages antitrust suit alleging price fixing under Section 1 of the Sherman Act, 15 U.S.C. § 1 (1973). Petitioners argue, inter alia, that the district court abused its discretion in finding that the antitrust action satisfied the prerequisites to class action treatment under Fed.R.Civ.P. 23(a) and 23(b)(3). For example, they allege that common questions of fact or law (see Fed.R.Civ.P. 23(b)(3)) do not predominate over individual questions in the present action where the antitrust claims involve a variety of geographic and product markets as well as different pricing and distributing structures. Furthermore, petitioners argue that conflicts exist among class members which preclude a finding that the class representatives will adequately protect the interests of the class. (See Fed.R.Civ.P. 23(a)(4).)
 
 
 2
 In Kerr v. United States District Court for the Northern District of California (1976) 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 the Supreme Court recently underscored the extraordinary nature of the mandamus remedy. ("The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations . . . 'amounting to a judicial "usurpation of power" . . . .' ") (Id. at 402, 96 S.Ct. at 2124.) This circuit has interpreted Kerr in Arthur Young & Co. v. United States District Court (9th Cir. 1977) 549 F.2d 686 to require a petitioner seeking mandamus to show that the district court committed "clear and indisputable" error and that no "alternative procedural means" are available to correct this error. (Id. at 692 (". . . If we determine that the error, if any, is not 'clear and indisputable,' or that there are alternative means available to correct the error . . . the writ will not issue. . . . Interference with the trial court's control over its own proceeding is not a matter to be undertaken lightly or on the basis of mere speculation by the parties . . . about what may occur at some future date." Id.).)
 
 
 3
 Petitioners have not demonstrated that they are entitled to the writ under the Arthur Young test. Without passing on the merits of the lower court's certification, we hold that petitioners have not made a threshold showing of "clear and indisputable" error to invoke the writ. (See Windham v. American Brands, Inc. (4th Cir. 1976) 539 F.2d 1016, 1021 (Although defendants argued that class action treatment was improper where differences in product and geographic markets as well as conflicts among class members created predominating individual questions as to proof of impact, the court noted that "there is almost a rebuttable presumption that such a class action should be allowed where there is a plausible claim of violation of the Sherman Act."); Philadelphia Electric Co. v. Anaconda American Brass Co. (E.D.Pa.1968) 43 F.R.D. 452, 457-58; Siegel v. Chicken Delight, Inc. (N.D.Cal.1967) 271 F.Supp. 722, 726 ("It is the existence . . . of the alleged conspiracy to substantially lessen competition in the market place, to illegally restrain trade . . . and the conduct that established said conspiracy that form the common questions of law or fact in this case. . . . 'The fact that the members of the class vary in size, type and market locations and the fact that there may be peculiar differences between them with respect to the determination of their damages . . . does (sic ) not render this class action improper . . . .' "); In re Master Key Antitrust Litigation (D.Conn.1975) 70 F.R.D. 23, 26, appeal dismissed (2d Cir. 1975) 528 F.2d 5; State of Illinois v. Harper & Row Publishers, Inc. (N.D.Ill.1969) 301 F.Supp. 484, 492-94; Von Kalinowski, 14 Antitrust Law and Trade Regulation § 108.03(4), p. 108-81 (1974) ("The typical issue regarding violations is often the existence of a single underlying conspiracy. It does not necessarily matter that the victims of that conspiracy may have suffered in different ways depending upon the nature of their respective relationship with the conspirators. The essential issue common to all plaintiffs is that they must first prove a conspiracy before there can be any contention as to questions idiosyncratic to individual class members.").) Nor have petitioners shown that alternative procedural means are unavailable to correct the district court's allegedly improper certification.[1] (E. g., Fed.R.Civ.P. 23(c)(4) provides a mechanism for handling conflicts among class members should they arise in the course of the litigation. See Blackie v. Barrack (9th Cir. 1975) 524 F.2d 891, 909, cert. denied 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976) (". . . As a result, courts have generally declined to consider conflicts, particularly as they regard damages, sufficient to defeat class action status at the outset unless the conflict is apparent, imminent, and on an issue at the very heart of the suit."); Von Kalinowski, supra, at § 108.02(5), p. 108-56.)
 
 
 4
 The decision to issue a writ of mandamus is one totally within this court's discretion. We refused to grant the writ in Arthur Young, supra, because it "would certainly have (had) the deleterious effect of encouraging frivolous and dilatory petitions under the guise of requests for 'supervision' or 'advice' from the Court of Appeals on matters traditionally within the exclusive sphere of the trial court's discretion, at least until final judgment has been entered." (549 F.2d at 691, n. 7.) Petitioners have not persuaded us why this language does not similarly bar the exercise of our discretion in their favor in the present suit.
 
 
 5
 Petition for writ of mandamus is DENIED.
 
 ON PETITION FOR REHEARING
 ORDER
 
 6
 PER CURIAM.
 
 
 7
 The arguments advanced by petitioners to support mandamus in their rehearing petition are no more persuasive than those offered in the original petition in view of the restrictiveness of review by mandamus in this Circuit. (E.g., Arthur Young & Co. v. United States District Court (9th Cir. 1977) 549 F.2d 686; Bauman v. United States District Court (9th Cir. 1977) 557 F.2d 650 (1977).)
 
 
 8
 Illinois Brick Co. v. State of Illinois (1977) --- U.S. ---, 97 S.Ct. 2061, 52 L.Ed.2d 707 does not require us to reappraise our conclusion that the district court did not commit "clear and indisputable" error. Even if, under Illinois Brick Co., the district court erred, mandamus is inappropriate where alternative procedural means to mandamus are available to correct any harm flowing from such an error. (See, e. g., Arthur Young, supra, 549 F.2d at 692.) Petitioners may obtain review of the order certifying indirect purchasers as members of the class by way of appeal from the final judgment. We have consistently rejected petitioners' position that the costs of trying massive civil actions render review after final judgment inadequate. Furthermore, petitioners may move before the district court, if they are so inclined, for a modification of the certification order in the light of the Illinois Brick case.
 
 
 9
 Petitioners' appeal to our pedagogical proclivities in arguing that mandamus is appropriate as part of our supervisory functions or to settle new and important issues is unavailing. First, there has been no showing that the district court is a habitual misreader of Rule 23, or that any important issue uncommon to massive class action litigation is presented by the Sugar cases. Moreover, the Bauman case restricts any urge that we might have to expand the holdings in La Buy and Schlagenhauf.[1]
 
 
 10
 Contrary to petitioners' assertions, Windham v. American Brands, Inc. (4th Cir. 1976) 539 F.2d 1016, has not been vacated by the Fourth Circuit. The case has been taken en banc in the Fourth Circuit, and no order has as yet been issued withdrawing the original opinion. No en banc decision has been reached in that case.
 
 
 11
 Petition for rehearing is denied.
 
 
 
 [1]
 The district court's certification of the antitrust class action is appealable upon final judgment. Petitioners do not satisfactorily explain why the availability of such an appeal is not an "alternative procedural means" to mandamus. Petitioners merely invoke the familiar battle-cry of class action defendants that certification of a massive class action forces defendants to settle the suits. But we have rejected this argument in the interlocutory appeals context (see Blackie v. Barrack (9th Cir. 1975) 524 F.2d 891, 899, cert. denied, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976) (". . . The fairness of the pressure i. e., the sociological merits of the small claims class action is not a question for us to decide. The fact is that Congress, by authorizing . . . Rule 23(b)(3) created a vehicle to put small claimants in an economically feasible litigating posture.")), and the soundness of the argument has been disputed on empirical grounds. (See Note, The Rule 23(b)(3) Class Action: An Empirical Study, 62 Geo.L.J. 1123, 1136 (1974); DuVal, The Class Action as an Antitrust Enforcement Device: The Chicago Experience (II), 1976 ABA Res.J. 1273, 1347-8.)
 
 
 [1]
 La Buy v. Howes Leather Co., Inc. (1957), 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290; Schlagenhauf v. Holder (1964), 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152