**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT RADCLIFFE; CHESTER CARTER; ARNOLD LOVELL, Jr.; CLIFTON C. SEALE, III; MARIA FALCON, <br><br> Plaintiffs - Appellants, <br><br> CHARLES JUNTIKKA, Esquire, <br><br> Appellant, <br><br> v. <br><br> TRANSUNION, LLC; JOSE HERNANDEZ; ROBERT RANDALL; BERTRAM ROBISON; KATHRYN PIKE, <br><br> Plaintiffs - Appellees, <br><br> and <br><br> EXPERIAN INFORMATION SOLUTIONS INC.; EQUIFAX INFORMATION SERVICES LLC, | No. 09-56859 <br><br> D.C. No. 8:05-cv-01070-DOC-MLG <br><br> MEMORANDUM[*] |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted February 17, 2011
Pasadena, California

Before: RYMER and BYBEE, Circuit Judges, and QUIST, Senior District Judge.[**]

Plaintiffs-Appellants and their counsel, Charles Juntikka ("Juntikka"), appeal that portion of the district court's order denying Juntikka's motion to allow him to contact members of the class, who, Juntikka alleged, were his former clients. Finding that we lack jurisdiction, we dismiss the appeal.

Appellants cite three bases for appellate jurisdiction. First, they contend that we have jurisdiction under the collateral order doctrine of 28 U.S.C. § 1291, set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). Second, they argue that the district court's order is an appealable injunction under 28 U.S.C. § 1292(a)(1). Finally, they contend that mandamus provides an appropriate means for review.

---

[**] The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for Western Michigan, Grand Rapids, sitting by designation.

2

Each of these bases for interlocutory appellate jurisdiction requires that the order be effectively unreviewable on appeal from a final judgment. *See United States v. Godinez-Ortiz*, 563 F.3d 1022, 1026 (9th Cir. 2009) (quoting *Sell v. United States*, 539 U.S. 166, 176 (2003)) (stating that an interim order may be appealed under the collateral order doctrine where, among other things, it is effectively unreviewable on appeal from a final judgment); *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1097 (9th Cir. 2008) (an order may be appealed as an injunction under 28 U.S.C. § 1292(a)(1) if it "can be effectively challenged only by immediate appeal" (internal quotations omitted)); *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654 (9th Cir. 1977) (noting that mandamus is generally appropriate only where "[t]he party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires").

The district court's order simply concerns the management of a class action, a matter entrusted to the district court's discretion under Rule 23(d)(1). The order is typical of class action management orders that may be reviewed on direct appeal from a final judgment. *See In re Sugar Antitrust Litig.*, 559 F.2d 481, 484 (9th Cir. 1977) (per curiam) (stating that the district court's order certifying indirect purchasers as class members could be appealed following entry of the final

3

judgment). This is true even though the order limits Juntikka's communications with class members. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981).

Appellants contend that requiring them to wait until entry of final judgment will effectively deny them review because any delay will result in denial of their First Amendment rights. We disagree. This is not an instance where Juntikka has been completely prohibited from contacting his former clients.

**DISMISSED**.